# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   vs.<br><br>CHEPITO MARTINEZ,<br><br>             Defendant.<br>_____/ | CASE NO. CR F 07-0028 LJO<br><br>**ORDERS ON GOVERNMENT AND DEFENDANT'S MOTIONS AND TO SET STATUS/TRIAL CONFIRMATION HEARING AND TRIAL**<br>(Docs. 14, 18, 20, 21.)<br><br>Status/Trial Confirmation Hearing:<br>    Date: October 25, 2007<br>    Time: 8:30 a.m.<br>    Dept.: 4 (LJO)<br><br>Trial:<br>    Date: November 26, 2007<br>    Time: 1:30 p.m.<br>    Dept.: 4 (LJO) |

This Court conducted an August 31, 2007 hearing on several motions of defendant Chepito Martinez ("defendant") and the United States of America ("Government"). Defendant proceeds pro se and appeared for himself. The Government appeared by Assistant U.S. Attorney Kevin Rooney. This Court issues the following rulings:

### DEFENDANT'S MOTION THAT GOVERNMENT ADMIT/DENY
### EXISTENCE OF OTHER INVESTIGATIONS
### AND POTENTIAL INDICTMENTS

Defendant cites no authority that the Government is obligated to admit or deny whether it

conducts other investigations or seeks other indictments. Nonetheless, the Government has admitted that it conducts no other investigations and seeks no other indictments to render defendant's motion moot. As such, this Court DENIES defendant's motion to require the Government to admit or deny whether it conducts other investigations or seeks other indictments.

## DEFENDANT'S DISCOVERY MOTION

Defendant filed his motion for 20 discovery requests to seek certain documents and related materials.

**Request No. 1 for "relevant written or recorded statements made by the Defendant"**: The Government has provided the requested materials to render the request moot.

**Request Nos. 2-6 for Bureau of Prisons "central files" relating to defendants and others**: This Court DENIES the requests in that defendant fails to make the required prima facie showing of materiality for the files.

**Request No. 7 for "gang affiliation" information of defendant and others**: This Court DENIES the request in that defendant fails to make the required prima facie showing of materiality for the information.

**Request No. 8 for surveillance tapes**: The Government has provided the requested materials to render the request moot.

**Request No. 9 for examination results and Request No. 14 for expert information**: The Government agrees to provide the requested materials and is ordered to do so.

**Request Nos. 10 and 11 for witness statements**: The Government agrees to provide the requested materials and is ordered to do so.

**Request No. 12 whether Government witnesses have convictions**: The Government agrees to provide the requested information at trial and is ordered to do so.

**Request No. 13 for exculpatory information**: The Government lacks such information.

**Request No. 15 for prior bad acts information**: The Government agrees to provide the requested information five days prior to trial and is ordered to do so.

**Request No. 16 for law enforcement materials and Request No. 18 for disciplinary records**: This Court DENIES the requests in that defendant fails to make the required prima facie showing of

materiality for the materials.

**Request No. 17 for defendant's criminal record and Request No. 19 for victim's medical records:** The Government has provided the requested materials to render the requests moot.

**Request No. 20 for defendant's medical records**: The Government agrees to provide the requested records and is ordered to do so.

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

This Court GRANTS the Government's motion for reciprocal discovery. This Court cautions defendant that if his reciprocal discovery (as required and outlined by the Federal Rules of Criminal Procedure) is not provided, this Court may disallow and preclude evidence which defendant may seek to introduce at trial.

## DEFENDANT'S MOTION FOR STANDBY COUNSEL

At the hearing, defendant indicated that he desired the availability of counsel to consult and that defendant desired to continue to represent himself. Defendant misunderstood the role of standby counsel, which is not to consult and advice defendant, but rather to stand ready to represent defendant. After this Court advised defendant of the function of standby counsel, defendant confirmed that he desired to continued to represent himself. In the absence of grounds to appoint standby counsel, this Court DENIES defendant's motion for standby counsel.

## DEFENDANT'S LAW LIBRARY ACCESS MOTION

Defendant seeks additional law library access than the eight hours per week provided. This Court concludes that the access provided is reasonable and DENIES defendant's motion for additional access.

## DEFENDANT'S MOTION FOR PARALEGAL APPOINTMENT

At the hearing, plaintiff indicated that he had sought to file a motion for appointment of a paralegal. The motion had not appeared on the Court's docket. This Court has reviewed a copy of the motion which defendant provided at the hearing. Defendant fails to provide a declaration or specifics to document library deficiencies or difficulties. This Court is able to read defendant's penmanship to negate the need to type his papers. Defendant demonstrates hardship no different from that of any defendant representing himself. In the absence of good cause, this Court DENIES defendant's motion for paralegal appointment.

**TRIAL SETTING**

This Court SETS:

1. A status/trial confirmation hearing for October 25, 2007 at 8:30 a.m. in Department 4 (LJO); and

2. Trial for November 26, 2007 at 1:30 p.m. in Department 4 (LJO).

**SELF-REPRESENTATION**

Although at the hearing, defendant was unequivocal in his desire to continue to represent himself, the Court again asks defendant to reconsider the potential practical and legal ramifications of that decision. If defendant desires counsel to represent him, defendant need only advise the Court, and the Court will set the matter on calendar immediately. Delay to make such decision may hamper counsel coming into the case late.

IT IS SO ORDERED.

**Dated:   August 31, 2007**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE